GRIFFIN, C.J.
Charles Bearce [“Bearce”] appeals his conviction on five counts of sexual activity with a child by a person in familial or custodial authority. We affirm.
In addition to the five sexual activity counts, Bearce was also charged with five counts of committing a lewd or lascivious act on a child. All charges pertained to Bearce’s stepson, J.N. The sexual activity charges were based on allegations that Bearce’s mouth made contact with J.N.’s penis, while the lewd acts involved Bearce rubbing his penis on J.N.’s buttocks.
The case was tried before a jury. At trial, J.N. testified that Bearce gave him *158 backrubs at least once a month from July through November 1997. Each time, after he fell asleep, J.N. said that Bearce would perform oral sex on him. He specifically said that Bearce put his mouth on his penis. J.N. testified that he makes failing grades in school and his testimony was not detailed. Time references were difficult for him. When he was asked how he knew that Bearce had performed oral sex on him if he was asleep when it happened, he answered:
You know how sometimes you are awaken [sic] asleep? I know that sometimes my sister walked in, but I was asleep.
J.N. did not testify to Bearce’s commission of any of the lewd acts alleged in the information.
Officer Kim Bellamy testified that she interviewed Bearce at the home of J.N.’s mother. Bellamy had taped the interview, and it had been transcribed. In the tape, Bearce admitted to rubbing J.N.’s back and to performing oral sex on J.N. He said this had happened maybe twenty times. He had asked J.N. to perform oral sex on him, but J.N. usually refused and Bearce did not want to force him. However, J.N. had performed oral sex on him once or twice. Bearce also admitted to rubbing against J.N. with his penis to simulate sex a few times, after which he ejaculated. He also discussed sex acts performed on children, including J.N., by three men living ■with him.
The trial court should not have admitted evidence of sexual acts engaged in by third persons, since this evidence was not relevant to any issue before the court. Nonetheless, this issue was not preserved for review because of the failure to make the objection until after a transcript of the statement had been given to the jury. As for the admission of Bearce’s confession that he had engaged in lewd acts with J.N., even if improperly admitted “collateral crimes” evidence, the error was harmless in view of Bearce’s confession of the sexual activity offenses. Finally, even though not listed as a witness for the State, the court did not abuse its discretion in denying exclusion of the testimony of Ms. Garrens, who testified in rebuttal for the State.
AFFIRMED.
COBB and PETERSON, JJ., concur.